UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SEVENTY-SIX, LLC, )<br>   *Plaintiff*, )<br>)<br>*vs*. )<br>)<br>ESSEX INSURANCE COMPANY, )<br>   *Defendant*. )<br>) | 2:11-cv-00031-JMS-DKL |

**ORDER**

"[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations, one of which is to hire a lawyer if you want to sue or defend on behalf of the entity…. [Business owners] must take the burdens with the benefits." *United States v. Hagerman*, 545 F.3d 579, 581-582 (7th Cir. 2008). Accordingly, when a limited liability company attempts to litigate without a lawyer, its case must be dismissed. *Id.*

In this insurance coverage action, Plaintiff Seventy-Six, LLC ("Seventy Six"), originally had counsel, but counsel withdrew four-and-a-half months ago. [Dkt. 15.] In that time, Seventy-Six has been unable to locate replacement counsel. The Court can wait no longer before issuing the dismissal that *Hagerman* mandates; the Court's docket is too crowded to permit cases to languish without forward progress.

The fact that two of Seventy-Six's members seek to intervene in this insurance coverage action—arguing that, as 50% owners, they have an interest in litigating the company's insurance claims—does not preclude the dismissal. [Dkt. 21.] As Defendant Essex Insurance Company ("Essex") argued without reply from the two members here, members of a limited liability company cannot intervene to prosecute the company's interests. [Dkt. 23.] Otherwise an exception

would exist that would swallow the rule in *Hagerman*. Nor can the members here intervene to prosecute their own rights because they do not contend that they have any; they make no argument that they have asserted their own claim for coverage under the policy. *See Exec. Risk Specialty Ins. Co. v. Proliance Energy*, L.L.C., 2005 U.S. Dist. LEXIS 29033, *6-7 (S.D. Ind. 2005) ("The Proposed Intervenors have not alleged they have claims against them under the Policy….[T]hey have not requested coverage or made a claim on the Policy. The claims in the Underlying Action are against ProLiance, House and Bush only. Thus, the Proposed Intervenors do not have any ripe interest of their own in coverage under the Policy").

Although Essex has requested that the Court dismiss the action with prejudice, the Court finds that such a result would be contrary to the interests of justice. Seventy-Six originally filed this action in state court; Essex removed it here under diversity jurisdiction. [Dkt. 1.] In contrast to federal law, Indiana state law permits LLCs to litigate at least certain small claims without counsel. *See* Ind. Small Claim Rule 8(3) ("Limited Liability Companies… may appear by a designated full-time employee of the corporate entity in the presentation or defense of claims arising out of the business if the claim does not exceed one thousand five hundred dollars ($1,500.00).").[1] Inasmuch there has been no evidence of bad faith on Seventy-Six's part, there has been little docket activity that would have caused Essex to incur a great deal of attorney time, and there is a "policy of this circuit to favor trials on the merits over default judgments," *Security Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995), the Court will dismiss the action without prejudice.

---

[1] Although the actual amount in controversy here is in excess of $200,000, [*see* dkt. 21 ¶7], state law permits limited liability companies seeking to pursue claims without counsel to waive the right to recover more than $1,500. *Id.*

**CONCLUSION**

Essex's Motion to Dismiss, [dkt. 19], is **GRANTED IN PART** and **DENIED IN PART** in that the Court **DISMISSES** this action **WITHOUT PREJUDICE**, for Seventy-Six's failure to obtain counsel. The two members' Motion to Intervene, [dkt. 21], is **DENIED**.

09/16/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Steven L. Blakely
ACTON & SNYDER
sblakely@acton-snyder.com

Michael A. Kuiken
FORAN GLENNON PALANDECH & PONZI, PC
mkuiken@fgpp.com

C. Warren Nerz
cwnerz@nerzwalterman.com

Matthew S. Ponzi
FORAN GLENNON PALANDECH & PONZI, PC
mponzi@fgpp.com